# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **NATIONWIDE CHILDREN'S HOSPITAL**<br>700 Children's Dr.<br>Columbus, Ohio 43205, <br><br>       Plaintiff,<br><br>v.<br><br>**THE RAYMATH COMPANY**<br>2323 W. State Route 55<br>Troy, Ohio 45373,<br><br>and<br><br>**THE RAYMATH COMPANY HEALTH PLAN**<br>2323 W. State Route 55<br>Troy, Ohio 45373,<br><br>and<br><br>**J.P. FARLEY CORPORATION**<br>29055 Clemens Road<br>Westlake, Ohio 44145,<br><br>and<br><br>**EXCESS REINSURANCE UNDERWRITERS AGENCY, INC.**<br>48 N. Broad St.<br>Woodbury, New Jersey 08096,<br><br>       Defendants. | Case No. 3:23-cv-44<br><br>Judge: |

## COMPLAINT

Plaintiff, Nationwide Children's Hospital, by and through its counsel, and for its Complaint against Defendants, The Raymath Company, The Raymath Company Health Plan, J.P. Farley

Corporation, and Excess Reinsurance Underwriters Agency, Inc. (collectively "Defendants"), state as follows:

## INTRODUCTION

This action arises under Title IV of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), as amended, and its governing regulations, concerning Defendants' failure to properly reimburse and adjudicate medically necessary services furnished by Nationwide Children's Hospital ("Nationwide Children's") to an enrollee under the terms of The Raymath Company Health Plan in the amount of $561,379.41. Defendants also failed to follow proper ERISA procedures and failed, upon request, to supply Nationwide Children's with certain requested information in violation of ERISA.

## PARTIES

1. Plaintiff, Nationwide Children's Hospital, is an Ohio not-for-profit corporation providing health care and services to children and adolescents in Columbus, Ohio.

2. Upon information and belief, Defendant, The Raymath Company ("Raymath"), is an Ohio for-profit corporation with a principal place of business in Troy, Ohio, and was at all relevant times the sponsor of the Raymath Plan (the "Plan Sponsor").

3. Defendant, The Raymath Company Health Plan, is a self-insured employee welfare benefit plan within the meaning of 29 U.S.C. §1002(A)(1) (the "Raymath Plan" or "Plan").

4. Upon information and belief, Defendant, J.P. Farley Corporation ("J.P. Farley"), is a third-party administrator doing business in the State of Ohio as a for-profit corporation with a principal place of business at 29055 Clemens Road, Westlake, Ohio 44145.

5. Upon information and belief, Defendant, Excess Reinsurance Underwriters Agency, Inc. ("XSRE"), is a stop-loss insurance carrier doing business in the State of Ohio with a principal place of business at 48 N. Broad St., Woodbury, New Jersey 08096.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

7. This Court has personal jurisdiction over the parties because Nationwide Children's submits to the jurisdiction of this Court, and each Defendant systematically and continuously conducts business in this State, and otherwise has minimum contact with this State sufficient to establish personal jurisdiction over each of them.

8. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District, and because one or more of the Defendants conducts a substantial amount of business in this District.

## FACTUAL BACKGROUND

9. Between April 26, 2021 and June 10, 2021 (the "Service Period"), Nationwide Children's provided medically necessary inpatient services to John Doe.[1]

10. John Doe was treated as a patient in Nationwide Children's nursery.

11. There is no dispute that these medical services were provided.

12. During the Service Period, John Doe was a beneficiary of the Raymath Plan as defined by 29 U.S.C. §1002(8). The plan document for the Raymath Plan is attached hereto as Exhibit A (the "Plan Document").

---

[1] Nationwide Children's throughout this Complaint will refer to the Raymath Plan beneficiary as "John Doe" for privacy reasons.

3

13. During the Service Period, Raymath, as the Plan Sponsor, was the Plan "administrator" as that term is defined by 29 U.S.C. §1002(16)(A).

14. J.P. Farley was the third-party administrator of the Raymath Plan and, upon information and belief, was delegated authority to grant or deny claims incurred by participants and beneficiaries of the Plan by Raymath. The administrative services agreement between Raymath and J.P. Farley is attached hereto as Exhibit B.

15. Under the terms of the Plan Document, the Plan utilized a "Network Provider Organization" (as that term is defined in the Plan Document) that contracted with healthcare organizations who provided healthcare services to beneficiaries of the Plan.

16. Upon information and belief, Cigna PPO ("Cigna") was the Network Provider Organization for the Raymath Plan until May 31, 2021.[2] Nationwide Children's was an in-network provider under the Plan through an arrangement with Cigna.

17. Nationwide Children's was entitled to reimbursement for the medical services provided pursuant to the terms of the Plan Document and through an assignment of benefits form executed by the parent of John Doe ("Assignment of Benefits"), which reads as follows:

> I assign to Hospital, my physician, and other healthcare professionals involved in my care, all my rights and claims for reimbursement under any private health insurance policy, Medicare, Medicaid, or any other programs that I identify for which benefits may be available to pay the Hospital for medical services provided to me. I agree to cooperate and provide information as needed to establish my eligibility for such benefits.

The Assignment of Benefits is attached hereto as Exhibit C and redacted for privacy reasons.

18. On or about June 21, 2021, Nationwide Children's submitted a claim for reimbursement of services provided to John Doe, along with an itemized statement, to Cigna as

---

[2] The Raymath Plan appears to have switched to Aetna as its Network Provider Organization as of June 1, 2021.

directed on the back of John Doe's health insurance card, which is attached and incorporated herein below and as Exhibit D.



19. The amounts incurred were submitted on a standard UB-04 form, which reflects total claims in the amount of $611,771.45.[3]

20. On or about June 24, 2021, Cigna, as the Raymath Plan's Network Provider Organization, accepted the claims submitted by Nationwide Children's as indicated through the Quadax claims system. Screenshots of the Quadax notifications ("Quadax notifications") are attached hereto as Exhibit E and redacted for privacy reasons.

21. On or about July 9, 2021, Nationwide Children's spoke with "Becky" at J.P. Farley who told Nationwide Children's to submit another itemized statement for the medical services provided to John Doe.

---

[3] Once Aetna became the Network Provider Organization as of June 1, 2021, it recognized the obligation to pay and did, in fact, pay the claims for services provided from June 1, 2021 to June 10, 2021 in the amount of $50,392.04. The remaining amount of $561,379.41 was incurred while Cigna was the Network Provider Organization prior to June 1, 2021.

5

22. On July 14, 2021, Nationwide Children's submitted an itemized statement to Cigna, per the instructions on John Doe's health insurance card.

23. Cigna accepted the incurred claims on July 14, 2021. *See* Exhibit E, Quadax notifications showing submission.

24. On or about July 18, 2021, J.P. Farley sent Nationwide Children's and John Doe's parent an explanation of benefits ("EOB") stating "PARTICIPATES WITH CIGNA. IN ORDER TO RECONSIDER CLAIM SUBMIT PAPER UB AND ITEMIZATION DET [*sic*]." The July 18, 2021 EOB is attached hereto as Exhibit F and redacted for privacy reasons.

25. The July 18 EOB is vague and does not specifically state that the claims were denied.

26. Moreover, the July 18 EOB does not comply with the requirements of 29 U.S.C. §1133 and 20 C.F.R. 29 C.F.R. §2560.503-1(h) because it fails to provide the beneficiary with the reference to the specific plan provisions on which the determination is based, a description of the Raymath Plan's review procedures and time limits, and the beneficiary's right to bring a civil action under ERISA §502(a).

26. On or about August 19, 2021, Nationwide Children's contacted J.P. Farley via telephone. "Makena" at J.P. Farley advised Nationwide Children's that J.P. Farley had not yet received from Cigna the itemized statement that Nationwide Children's had sent to Cigna on or about July 14, 2021. Nationwide Children's was not asked to send the itemized statement to J.P. Farley.

27. On or about November 30, 2021, Nationwide Children's again contacted J.P. Farley via telephone to inquire about the payment due for the medical services provided to John Doe. "Autumn" at J.P. Farley informed Nationwide Children's that the incurred claims were received

on two separate occasions, and were denied as duplicates on one occasion and denied for needing an itemized statement on the other occasion.

28. During this call, Autumn at J.P. Farley asked Nationwide Children's to re-file the incurred claims, submit yet another itemized statement, and to allow thirty (30) business days for the claim to be processed. Autumn did not ask Nationwide Children's to submit the itemized statement directly to J.P. Farley.

29. On January 7, 2022, Nationwide Children's re-filed its incurred claims for reimbursement and on January 18, 2022 submitted yet another itemized statement to Cigna per John Doe's health insurance card.

30. Cigna accepted the incurred claims and itemized statement on January 20, 2022. *See* Exhibit E, Quadax notifications.

31. On or about February 4, 2022, Nationwide Children's attempted to contact J.P. Farley to obtain a status on the payment of its incurred claims. Nationwide Children's was unable to speak to anyone in person, but J.P. Farley's automated telephone system incorrectly stated that John Doe's claims could not be found. No further explanation was provided, and no one from J.P. Farley contacted Nationwide Children's about the allegedly "lost" claim.

32. Concerned about the status of the incurred claims, on or about April 15, 2022, Nationwide Children's again contacted J.P. Farley via telephone to inquire about payment.

33. "Emily" at J.P. Farley instructed Nationwide Children's to resubmit an itemized statement directly to her, and she promised to have the incurred claims reprocessed.

34. Emily provided Nationwide Children's a fax number to J.P. Farley. This was the first time Nationwide Children's was asked by J.P. Farley to send an itemized statement directly to J.P. Farley.

35. On April 15, 2022, Children's Hospital faxed an itemized statement directly to Emily at J.P. Farley at (440) 250-4301.

36. Pursuant to the "When Claims Should be Filed" section of the Raymath Plan, the incurred claims were "filed with the Claims Administrator within 365 days of the date charges for the service were incurred."

37. On May 6, 2022, Nationwide Children's contacted J.P. Farley and "Julia" informed Nationwide Children's that the incurred claims were under review.

38. Despite Nationwide Children's timely submission of the incurred claims for services provided to John Doe and despite Nationwide Children's timely providing all information requested by J.P. Farley, on or about May 17, 2022, Nationwide Children's received correspondence from Bryan B. Davenport ("Mr. Davenport"), attorney for the Raymath Plan, stating reasons that the Raymath Plan was purporting to deny the claims for services provided to John Doe. The May 17, 2022 Letter from Mr. Davenport to Nationwide Children's is attached hereto as Exhibit G and redacted for privacy reasons.

39. Mr. Davenport did not provide Nationwide Children's with an EOB as part of his May 17, 2022 correspondence.

40. In his May 17, 2022 correspondence, Mr. Davenport also informed Nationwide Children's that the Raymath Plan maintains medical stop-loss coverage and that the Raymath Plan was no longer eligible to submit the incurred claims to its carrier, XSRE, due to the expiration of the policy period and its run-out period. Apparently, Raymath changed stop-loss carriers effective June 1, 2021, and the six-month run-out period for claims incurred before June 1 but not yet paid ended on November 30, 2021.

41. Thereafter, Nationwide Children's learned that J.P. Farley failed to follow the appropriate procedures and inform XSRE of the possible stop-loss claim. (*See* October 16, 2022 Letter from Thomas Markle to James Farley at J.P. Farley, attached hereto as <u>Exhibit H</u> and redacted for privacy reasons.)

42. Upon information and belief, J.P. Farley has refused to pay the incurred claims for services provided to John Doe because it and XSRE mishandled the reporting and management of the claims to be covered under the stop-loss policy. The refusal to pay Nationwide Children's incurred claims, therefore, appears to be a concerted effort to cover up the egregious mistakes of J.P. Farley and XSRE in handling the stop-loss coverage.

43. On December 7, 2022, Nationwide Children's, in its capacity as John Doe's authorized representative and pursuant to 29 U.S.C. §1024(b)(4), requested Raymath, as the Plan Administrator of the Raymath Plan, provide certain plan documents under which the Raymath Plan is established and operated. Nationwide Children's also requested "a copy of all documents, records, and other information relevant to the claims submitted by NCH." A copy of Nationwide Children's request to Raymath is attached hereto as <u>Exhibit I</u> and redacted for privacy reasons.

44. As of the date of this Complaint, Raymath has failed to fully answer Nationwide Children's request within the 30-day period allotted pursuant to 29 U.S.C. §1024(b)(4).

45. Defendants are in violation of the ERISA regulations as Defendants failed to give notification of benefit determinations as required under 29 C.F.R. §2560.503-1(g) by not providing, among other things, the reference to the specific plan provisions on which the determination was based; a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and a description of the Plan's review procedures and the time limits applicable to such procedures,

including a statement of the claimant's rights to bring a civil action under ERISA Section §502(a) following an adverse benefit determination on review.

46. Defendants failed to notify Nationwide Children's of the Plan's benefit determination on review within the required timeframe set forth in 29 C.F.R. §2560.503-1(i)(2)(iii)(A) as to the incurred claims submitted on January 7, 2022 and the corresponding itemized statements submitted on January 18, 2022 and then again on April 15, 2022.

47. Defendants failed to provide Nationwide Children's with a notification of benefit determination on review in a manner that complied with 29 C.F.R. §2560.503-1(j)(1)-(5) as to the incurred claims and itemized statements submitted to Cigna and J.P. Farley.

48. Defendants failed to provide Nationwide Children's a "full and fair review" of the adverse benefit determination in violation of 29 U.S.C. §1133 and 20 C.F.R. 29 C.F.R. §2560.503-1(h).

49. Defendants failed to pay properly the incurred claims submitted by Nationwide Children's pursuant to the terms of the Raymath Plan.

50. Due to Defendants' failure to establish or follow claims procedures consistent with ERISA regulations, Nationwide Children's is deemed to have exhausted the administrative remedies available under the Plan and is entitled to pursue any available remedies under 29 U.S.C. §1132(a) and ERISA Section 502(a) on the basis that the Plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claims. 29 C.F.R. §2560.503-1(l)(1).

51. Additionally, it is believed that any efforts by Nationwide Children's to proceed with the administrative process would be futile based on Defendants' established refusal to provide

Nationwide Children's with accurate information to adjudicate the incurred claims and their failure to comply with the terms of the Plan and ERISA.

52. Defendants' aforementioned failures make clear that there are procedural irregularities with respect to Defendants' adjudication of incurred claims. Despite repeated attempts to submit an itemized statement for John Doe's incurred claims, Defendants failed to facilitate the adjudication of the incurred claims or Nationwide Children's ability to exercise the beneficiary's claims and appeal rights pursuant to ERISA.

<u>**COUNT I**</u>
<u>**CLAIM TO RECOVER BENEFITS UNDER PLAN AGAINST DEFENDANTS**</u>
*29 U.S.C. §1132(a)(1)(B)*

54. Nationwide Children's incorporates the foregoing allegations of the Complaint as if fully restated herein.

55. Defendants were required to pay Nationwide Children's, as an assignee of benefits under the Raymath Plan, pursuant to the terms of the Plan and in accordance with ERISA.

56. As described in this Complaint, Defendants violated their obligations under the Plan because Defendants failed to adjudicate the incurred claims in accordance with the terms of the Plan and permit Nationwide Children's to recover benefits due to John Doe.

57. Nationwide Children's seeks unpaid benefits, prompt pay interest, and statutory interest back to the date its incurred claims were originally submitted to Defendants.

<u>**COUNT II**</u>
<u>**CLAIM FOR VIOLATIONS OF CLAIMS PROCEDURE AGAINST DEFENDANTS**</u>
*29 U.S.C. §1132(a)(1)(A) and §1132(a)(3)*

58. Nationwide Children's incorporates the foregoing paragraphs of the Complaint as if fully restated herein.

59. Defendants are required to comply with the claims procedures required by 29 C.F.R. §2560.503-1 et seq.

60. Defendants have failed to comply with ERISA and its claim processing regulations as described in this Complaint. Additionally, Defendants' failure and/or refusal to comply with requests for information relevant to Nationwide Children's claim for benefits in violation of 29 C.F.R. §2560.503-1 et seq. entitles Nationwide Children's to recover the daily penalties imposed under 29 U.S.C. §1132(c)(1) and 29 C.F.R. §2575.502c-1.

## COUNT III
## CLAIM FOR FAILURE TO PROVIDE FULL AND FAIR REVIEW AGAINST DEFENDANTS
*29 U.S.C. §1132(a)(1)(A) and §1132(a)(3)*

61. Nationwide Children's incorporates the foregoing allegations of the Complaint as if fully restated herein.

62. Nationwide Children's was entitled to receive a "full and fair review" of the adverse benefit determinations pursuant to 29 U.S.C. §1133 and 29 C.F.R. §2560.503-1(h).

63. Defendants failed to provide a "full and fair review" of the adverse benefit determinations in violation of 29 U.S.C. §1133 and 29 C.F.R. §2560.503-1(h) and otherwise failed to make necessary disclosures in violation of 29 U.S.C. §1133 and 29 C.F.R. §2560-503-1 et seq. by among other things, failing to disclose the requested information relevant to the review of John Doe's incurred claims, a description of the Raymath Plan's review procedures, and other critical information related to the adverse benefit determinations, including John Doe's right to bring a civil action under ERISA §502(a).

## COUNT IV
## CLAIM FOR BREACH OF FIDUCIARY DUTY
*29 U.S.C. §1132(a)(2) and 1132(a)(3)*

64. Nationwide Children's incorporates the foregoing allegations of the Complaint as if fully restated herein.

65. Raymath is the Named Fiduciary with respect to the Raymath Plan as the Plan Sponsor and Plan Administrator. 29 U.S.C. §1002(a).

66. Raymath has the fiduciary duty to oversee the operations and administration of the Raymath Plan and monitor any parties for which it assigns to perform any functions for the Raymath Plan.

67. Raymath has the fiduciary duty to oversee and monitor the actions of J.P. Farley as third-party administrator to ensure J.P. Farley is administering the Raymath Plan pursuant to the terms of the Plan Document and in the best interest of its participants and beneficiaries.

68. Raymath has the fiduciary duty to ensure applicable claims are being submitted to the Plan's stop-loss insurance carrier, XSRE, in a timely manner to use plan assets in the best interest of its participants and beneficiaries.

69. Raymath has breached its fiduciary duty to Nationwide Children's under 29 U.S.C. §1104(a)(1) by engaging in the conduct described in this Complaint including: failing to exercise the statutorily required duty of care and prudence, failing to administer the Plan solely in the best interest of John Doe, failing to comply with the ERISA procedural requirements found at 29 C.F.R. §2560.503-1 et seq. that specify the procedural requirements for the claim and appeal process, failing to appropriately facilitate communications during the claims process, failing to timely notify its stop-loss insurance carrier of the incurred claims, and failing to appropriately adjudicate the incurred claims in accordance to the terms of the Plan.

70. As a direct and proximate result of Raymath's violations of its fiduciary duties, Nationwide Children's has been and continues to be damaged and is entitled to assert a claim for relief under 29 U.S.C. §1132(a)(2), 29 U.S.C. §1132(a)(3) and 29 U.S.C. §1109.

**COUNT V**
**CLAIM FOR ATTORNEY'S FEES AGAINST DEFENDANTS**
*29 U.S.C. §1132(g)(1)*

71. Nationwide Children's incorporates the foregoing allegations of the Complaint as if fully restated herein.

72. Nationwide Children's is entitled to recover reasonable attorney's fees and costs of the action under 29 U.S.C. §1132(g)(1) from Defendants.

**WHEREFORE**, Plaintiff Nationwide Children's prays for the following relief:

A. That the Court enter judgment in Nationwide Children's favor and against the Defendants, and that the Court order the Defendants to adjudicate the remaining incurred claims for the Service Period and issue to Nationwide Children's an amount equal to the amount of unpaid benefits Nationwide Children's is entitled to receive under the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B).

B. That the Court order the Defendants to pay Nationwide Children's pre-judgment interest on all benefits that have accrued prior to the date of judgment and enter judgment accordingly, and that the Court reserve jurisdiction to enforce the equitable decree;

C. That the Court declare Nationwide Children's right under the Plan, the ERISA statute, and the accompany regulations and order Defendants to pay Nationwide Children's the benefits owed to it under the Plan pursuant to 29 U.S.C. § 1132(a)(3);

D. That the Court award Nationwide Children's its attorney's fees pursuant to 29 U.S.C. § 1132(g);

E. An award to Nationwide Children's of $110.00 a day penalty from the date Raymath, as Plan Administrator, originally failed to provide the materials requested by Nationwide Children's relating to the operations of the Raymath Plan and information relating to the reimbursement of the claims incurred by John Doe pursuant to 29 U.S.C. §1132(c)(1) and 29 C.F.R. §2575.502c-1; and

F. That Nationwide Children's recover any and all other relief to which it may be entitled, as well as the costs of this suit.

Respectfully submitted,

By: s/ Jennie K. Ferguson
Jennie K. Ferguson (0081086)(Trial Counsel)
Micaela M. Taylor (0100175)
Dinsmore & Shohl, LLP
191 W. Nationwide Blvd., Suite 200
Columbus, OH 43215
Telephone: (614) 628-6880
Facsimile: (614) 628-6890
Email: jennie.ferguson@dinsmore.com
Email: micaela.taylor@dinsmore.com

**Counsel for Plaintiff Nationwide Children's Hospital**

15