IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| NATIONWIDE CHILDREN'S HOSPITAL | ) | CASE NO 3:23-cv-44 |
| | ) | |
| Plaintiff, | ) | JUDGE THOMAS M. ROSE |
| | ) | MAGISTRATE JUDGE GENTRY |
| vs. | ) | |
| | ) | |
| THE RAYMATH COMPANY, et al. | ) | STIPULATED HIPAA |
| | ) | QUALIFIED PROTECTIVE ORDER |
| Defendants. | ) | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Health Insurance Portability and Accountability Act of 1996 (HIPAA), as amended by the Health Information Technology for Economic and Clinical Health Act (HITECH Act), including all applicable regulations issued by the Secretary of the United States Department of Health and Human Services, including specifically 45 C.F.R. § 164.512(e)(1), the undersigned parties agree to the issuance of a qualified protective order as follows:

1. The parties and attorneys to the above-captioned matter (the "Action") are hereby authorized to receive, subpoena, and transmit protected health information pertaining to C.D.[1] to the extent and subject to the conditions set forth herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501, including, but not limited to, information related to:

---

[1] The patient who received the medical care giving rise to the Action is a minor. Therefore, the patient's initials are used in this Order to protect the patient's privacy.

    (a)    The past, present, or future physical or mental condition of C.D.

    (b)    The provision of care to C.D.

    (c)    The payment for care provided to C.D. which identifies C.D. or which reasonably could be expected to identify C.D.

3.    All "covered entities," as defined in 45 C.F.R. § 160.103, are authorized to disclose protected health information pertaining to C.D. to all attorneys in this Action.

4.    The parties and their attorneys shall be permitted to use the protected health information in any manner reasonably connected with the Action, including, but not limited to, disclosure to the parties and their attorneys, insurers, claims managers, experts, and consultants, the court, necessary court personnel, court reporters, copy services, trial consultants, jurors, any appellate court, and other persons and entities involved in the litigation process.

5.    All protected health information produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action, and shall not be used for any other purpose.

6.    Any person or entity in possession of protected health information shall maintain the information in a reasonably secure manner, and shall not reveal to or discuss such information with any person not entitled to receive it, so that the protected health information is not further disclosed or used in any manner inconsistent with this Order.

7.    Within 60 days after the conclusion of the Action, the parties, their attorneys, and any other persons or entities that came into possession of the protected health information through this Action shall return the protected health information to the covered entity that

provided it, or destroy the protected health information, except for health information that was submitted to the court.

8. Nothing in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful processes.

9. This Order does not control or limit the use of protected health information pertaining to C.D. that comes into possession of any party, or any party's attorney, from a source other than a covered entity as defined in 45 C.F.R. § 160.103.

/s/ Jennie K. Ferguson (w/ permission 12-16)
Jennie K. Ferguson (0081086)
Matthew H. Sommer (0101721)
DINSMORE & SHOHL LLP
191 West Nationwide Blvd, Suite 200
Columbus, OH 43215
Telephone: (614) 628-6880
Facsimile: (614) 628-6890
jennie.ferguson@dinsmore.com
matthew.sommer@dinsmore.com
*Attorneys for Nationwide Children's Hospital*

/s/ Cameron C. Downer
Cameron C. Downer (0093684)
Michael J. Scarpelli (0093662)
FAULKNER, GARMHAUSEN, KEISTER & SHENK
A Legal Professional Association
Courtview Center – Suite 300
100 South Main Avenue
Sidney, OH 45365
(937) 492-1271 (telephone)
(937) 498-1306 (facsimile)
cdowner@fgks-law.com
mscarpelli@fgks-law.com
*Attorneys for The Raymath Company and The Raymath Plan*

/s/ Gregory P. Rogers (w/ permission 12-16)
Gregory P. Rogers (0042323)
Evan H. Cohn (0100407)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838
(513) 381-0205 (fax)
rogers@taftlaw.com
ecohn@taftlaw.com
*Attorneys for Defendant J.P. Farley Corporation*

/s/ Matthew A. Rich (w/ permission by J. Chung 12-17)
Matthew A. Rich (0077995)
KATZ, TELLER, BRANT & HILD
255 East Fifth Street, Suite 2400
Cincinnati, OH 45202
Telephone: (513) 977-3475
Facsimile: (513) 977-3475
mrich@katzteller.com
*Trial Attorney For Excess Reinsurance Underwriters Agency, Inc.*

AND

MCDOWELL HETHERINGTON LLP
Jennifer H. Chung*
1001 Fannin, Suite 2400
Houston, Texas 77002
Telephone: (713) 337-5580
Telecopy: (713) 337-8850
*Admitted Pro Hac Vice*

**SO ORDERED.**

Dated: January 2, 2025

                                              s/Thomas M. Rose
                                              United States District Court