UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Nationwide Children's Hospital,**

        *Plaintiff,*

v.

**The Raymath Company,** *et al.***,**

        *Defendants.*

Case No. 3:23-cv-044
Judge Thomas M. Rose

---

**ENTRY AND ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM. (DOC. 44). PLAINTIFF'S CONTRIBUTION CLAIM IS DISMISSED.**

---

Pending before the Court is Defendant Excess Reinsurance Underwriters Agency, Inc.'s ("XSRE") Motion to Dismiss Defendant/Third-Party Plaintiff The Raymath Company's ("Raymath") Third-Party Complaint. (Doc. 44.) Therein, XSRE attacks each of Raymath's three causes of action against it. Because the Breach of Contract and Indemnity claims are properly stated, the motion will be denied with regard those claims. Because Raymath fails to plead a contribution claim, the motion will be granted with regard to it.

**I.    Background**

Plaintiff Nationwide Children's Hospital filed suit alleging it provided medical services to a minor it refers to as John Doe from April to June 2021. (Doc. 1, PageID 3.) Doe was allegedly a beneficiary of The Raymath Company Health Plan, a self-insured employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(A)(1). (E.R.I.S.A.) (*Id.*, PageID 2.) J.P. Farley was allegedly the third-party administrator of the Raymath Plan to whom Raymath allegedly delegated authority to grant or deny claims incurred by participants and beneficiaries of the Plan. (*Id.*, PageID 4.)

Nationwide Children's alleges it was entitled to reimbursement for the medical services provided pursuant to the terms of the Plan Document and through an assignment-of-benefits form executed by the parent of John Doe. (*Id.*) Cigna PPO was allegedly the Network Provider Organization for the Raymath Plan until May 31, 2021. Nationwide Children's was an in-network provider under the Plan through an arrangement with Cigna.

On June 21, 2021, Nationwide Children's submitted its $611,771.45 claim for reimbursement for services provided to John Doe, along with an itemized statement, to Cigna, which Cigna accepted. (*Id.*, PageID 4-5). Significant back-and-forth transpired, culminating in the Raymath Plan denying claims for services for John Doe on May 17, 2022. (*Id.*, PageID 5.)

The Raymath Plan explained that the claim was denied because it was no longer able to submit claims to its carrier, XSRE. (*Id.*, PageID 8.) Raymath allegedly changed stop-loss carriers effective June 1, 2021, with a six-month run-out period for claims incurred before June 1, 2021, but not yet paid ending November 30, 2021. (*Id.*, PageID 9.)

Nationwide Children's alleges that it then learned that J.P. Farley failed to follow the appropriate procedures and inform XSRE of the possible stop-loss claim. (*Id.*) Nationwide Children's alleges:

2

> J.P. Farley has refused to pay the incurred claims for services provided to John Doe because it and XSRE mishandled the reporting and management of the claims to be covered under the stop-loss policy. The refusal to pay Nationwide Children's incurred claims, therefore, appears to be a concerted effort to cover up the egregious mistakes of J.P. Farley and XSRE in handling the stop-loss coverage.

(*Id*.)

On February 8, 2023, Nationwide Children's sued The Raymath Company, The Raymath Company Health Plan, J.P. Farley Corporation, and Excess Reinsurance Underwriters Agency, Inc. (*Id*., PageID 1-2.) On May 16, 2023, the Court granted a joint motion by Nationwide Children's and XSRE to dismiss XSRE without prejudice. (Doc. 23 and May 16, 2023 Notation Order.) On March 28, 2024, The Raymath Plan obtained new counsel (Doc. 31, 32), and the next day moved the Court to amend its answer by adding a crossclaim against JP Farley and a third-party complaint against XSRE. (Doc. 33.) The Court granted the motion, bringing XSRE back into the case. (Doc. 39.)

The Third-Party Complaint charges XSRE with breach of an alleged contract with Raymath, seeks indemnification, and claims a right to contribution. (Doc. 40, PageID 427-29.) On August 5, 2024, XSRE filed the Motion to Dismiss currently under review. (Doc. 44.)

**II.    Standard**

"The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892, 897 (S.D. Ohio 2013) (citing *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993)). Moreover, the purpose of the motion is to test the formal sufficiency of the statement of the claim for relief. *Id.* "[F]or the purposes of a motion to dismiss, the complaint must be construed in the light most favorable to

the plaintiff and its allegations taken as true." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974)).

To survive a 12(b)(6) motion to dismiss, a plaintiff must provide more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not enough. *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). Further, the factual allegations must be enough to raise a right to relief above the speculative level and must also do something more than merely create a suspicion of a legally cognizable right. *Id.* However, the Court is not bound to accept as true a legal conclusion couched as factual allegation or unwarranted factual inferences. *Id.* at 555; *Morgan v. Church's Fried Chicken*, 829 F. 2d 10, 12 (6th Cir. 1987); *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Moreover, only well-pleaded facts are construed liberally in favor of the party opposing the motion to dismiss. *Lillard v. Shelby County Bd. Of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996).

**III.     Analysis**

**A.     Breach of Contract Claim**

XSRE argues Raymath has failed to allege a breach of contract claim. The first element of a breach of contract cause of action is the existence of a contract. *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012) ("Under Ohio law, the elements of a breach of contract claim are: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff as a result of the breach."). Offer and acceptance are essential elements of any binding contract. *See Kostelnik v. Helper*, 770 N.E.2d 58, ¶ 16 (Ohio 2002). XSRE avers that the portions of the stop-loss policy attached to Raymath's pleading belie Raymath's alleged contract.

Pursuant to Federal Rules of Civil Procedure, 10(c), an instrument that is an exhibit to a pleading is "a part of the pleading for all purposes." If a complaint "references or quotes certain documents, … a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion without converting the motion to dismiss into a Rule 56 motion for summary judgment." *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014); accord, *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that defendant could attach to and rely in its motion to dismiss group health plans referenced in the complaint because it asserted rights under the plans). Where documents attached to a complaint belie the allegations in the complaint, the Court is not required to accept the complaint's allegations as true. *Jiangbo Zhou v. Lincoln Electric Co.*, No. 1:20-cv-018, 2020 WL 2512865, at *5 (S.D. Ohio, May 15, 2020).

The documents Raymath attached to its Answer and Third-Party Complaint include a "Proposal" prepared by XSRE, on its own letterhead, directed to Raymath, relating to coverage of Raymath's benefit plans. (Doc. 40-2, PageID 458-60.) The proposal makes reference to "our [XSRE's] offer" to Raymath. (*Id*. at PageID 460.) Raymath claims that at the bottom of that page, Raymath's representative accepted the offer. (*Id*.)

XSRE counters that the proposal was not made to Raymath, but to J.P. Farley. (Doc. 40-2, PageID 458.) XSRE further asserts that the carrier listed on the proposal is different from the carrier that actually issued the policy in question. (Compare Doc. 40-2, PageID 459, with Doc. 40-2, PageID 453.] Finally, XSRE decries that nothing in the proposal contains any terms regarding the policy alleged to be breached. (Doc. 48, PageID 491.)

XSRE points the Court to no authority that requires a plaintiff be in possession of all evidence necessary to prevail in its claim at the pleading stage. These are issues to be fleshed out

5

in discovery and resolvable by a finder of fact. Raymath has alleged an offer and acceptance. When the Court views the Third-Party Complaint in the light most favorable to Raymath, it is plausible that an enforceable contract exists between Raymath and XSRE as it relates to the operative facts of this case. Accordingly, XSRE's request to dismiss Raymath's contract claim will be denied.

**B.      Indemnity Claim**

XSRE next posits that the Third Party Complaint pleads neither an express indemnification agreement nor a relationship that would support an implied indemnity claim. In Ohio, "Indemnity arises from contract, express or implied, and is the right of a person who has been compelled to pay what another should have paid to require complete reimbursement." *Mahathiraj v. Columbia Gas of Ohio, Inc.*, 617 N.E.2d 737, 743 (Ohio Ct. App. 1992). "Secondary liability generally arises in situations, like vicarious liability, where a relationship exists between the tortfeasors that permits one tortfeasor to be held liable for the consequences of the other's actions." *Id*. "Thus, in order to qualify for indemnification, the party claiming the right must be merely passively negligent. Conversely, where two parties actively participate in the commission of a tort, they are deemed concurrent or joint tortfeasors, and no right of indemnification exists between the two, although a right of contribution may be proper." *Id*. at 744. Indemnification can also arise in contractual contexts. *Battelle Mem'l Inst. v. Nowsco Pipeline Servs., Inc.*, 56 F. Supp. 2d 944, 950 (S.D. Ohio 1999) ("indemnification can apply to both to damages to the contracting parties and to third party injuries.").

The Complaint in this matter (Doc. 1) alleges that Raymath is liable to Nationwide Children's under ERISA based on the failure to pay a medical claim. (*See id*. at PageID 11-15). While Raymath continues to contest whether it is liable to Nationwide Children's in any manner, in the event any liability is established for Raymath, Nationwide Children's and Raymath's

6

pleadings indicate that such liability would be passive in nature. (*See* Doc. 40) Further, as alleged in the Third-Party Complaint, if the claim was properly handled by J.P. Farley, XSRE potentially would have had an obligation to pay the claim. Accordingly, viewing the Third-Party Complaint in the light most favorable to Raymath and keeping in mind Rule 8's liberal pleading standards, there are sufficient allegations to support a claim of implied indemnity against XSRE.

### C. Contribution Claim

"[T]he right of contribution is a legal concept that applies only to joint tortfeasors." *Triad Architects, Inc.*, 2008 WL 5423269, at *7. XSRE is not alleged to be a tortfeasor. As such, contribution does not apply to XSRE.

Statutory contribution is not available with respect to breach of contract. Neither is contribution available with respect to breach of fiduciary duty claims. Ohio Rev. Code § 2307.25(e). Contribution is available among joint tortfeasors, but none of the pleadings filed in this matter reflect that Raymath and XSRE are joint tortfeasors.

"[C]ontribution statutes allow only a tortfeasor to make a claim for contribution to the extent that the tortfeasor has paid more than its share of liability." *St. Paul Fire and Marine Ins. Co. v. Cassens Transp. Co.,* 86 Fed. App'x 869, 872 (6th Cir. 2004) (unpublished disposition). When liability is based upon a contract, the liable party cannot seek contribution for such damages under Ohio Rev. Code § 2307.25. *See Wagner-Meinert, Inc. v. EDA Controls Corp.*, 444 F. Supp. 2d 800, 803 (N.D. Ohio 2006).

### IV. Conclusion

Because Raymath has alleged an offer and acceptance, XSRE's request to dismiss Raymath's contract claim is **DENIED**. Because indemnity potentially applies in contractual contexts, XSRE's request to dismiss Raymath's indemnification claim is **DENIED**. Because the

7

concept of contribution is inapposite in contractual contexts, XSRE's request to dismiss Raymath's contribution claim is **GRANTED**. XSRE's Motion to Dismiss (Doc. 44) is thus **DENIED IN PART** and **GRANTED IN PART**.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, January 3, 2025.

                                                                                                     s/Thomas M. Rose
                                                           _____
                                                                 THOMAS M. ROSE
                                                  UNITED STATES DISTRICT JUDGE