UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Nationwide Children's Hospital,**

      *Plaintiff*,

v.                   Case No. 3:23-cv-044
                   Judge Thomas M. Rose

**The Raymath Company,** *et al.***,**

      *Defendants*.

---

**ENTRY AND ORDER GRANTING MOTION FOR LEAVE TO FILE RESPONSE INSTANTER (DOC. 83), OVERRULING OBJECTION TO MAGISTRATE'S ORDER OF OCTOBER 29, 2025. (DOC. 81). THE COURT WILL SET A DATE FOR A CONFERENCE TO AMEND THE TRIAL SCHEDULE.**

---

  On August 6, 2025, Unknown Benefit Builders, Inc. and Michael Kerns filed a Motion to Quash Subpoenas or, Alternatively to Modify Subpoenas and for Protective Order. (Doc. 63.) On October 29, 2025, Magistrate Judge Caroline H. Gentry denied that motion in its entirety. (Doc. 80.) Unknown Benefit Builders, Inc. and Michael Kerns have objected to the decision denying the motion to quash. (Doc. 81.) The objection protests that the Magistrate Judge failed to limit the subpoena, erred in ruling that Rule 27 considerations were waived, and erred in not establishing reasonable controls for the deposition. (Doc. 81, PageID 1227-28.)

The Raymath Company and The Raymath Company Health Plan missed the deadline for filing a response to the objection and on November 25, 2025, filed a Joint Motion for Leave to File Response Instanter. (Doc. 83.) That motion is unopposed and is **GRANTED**.

Because the Magistrate Judge's order involves non-dispositive matters, this Court's reconsideration of the order is governed by the "clearly erroneous or contrary to law" standard of review contained in Rule 72(a). See *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard applies to factual findings made by the Magistrate Judge while legal conclusions are reviewed "under the more lenient 'contrary to law' standard." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). A finding is "clearly erroneous" only when the reviewing court is left with the definite and firm conviction that a mistake has been made. See *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (citations omitted). "'To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must ... strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *United States v. Perry*, 908 F.2d 56, 58 (6th Cir. 1990) (quoting *Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). A court's review under the "contrary to law" standard is "plenary, ... and it 'may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'" *Gandee*, 785 F. Supp. at 686.

The Court has reviewed the ruling of the Magistrate Judge and finds it neither clearly erroneous nor contrary to law. Upon consideration of the foregoing, the Court **OVERRULES** Unknown Benefit Builders, Inc. and Michael Kerns' Objection to Magistrate Judge Order. (Doc. 81.)

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, December 22, 2025.

                                          s/Thomas M. Rose

                              THOMAS M. ROSE
                    UNITED STATES DISTRICT JUDGE